UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| B.D.,<br><br>       Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States, Department of Justice; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Office Director of the San Diego Immigration and Customs Enforcement Office; JORGE VELARDE, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; CHRISTOPHER J. LAROSE; Senior Warden, Otay Mesa Detention Center,<br><br>       Respondents. | Case No.: 3:26-cv-03873-LEK-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241 AND ORDER TO SHOW CAUSE** |

Before the Court is Petitioner B.D.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 and Order to Show Cause ("Petition"), filed on July 6, 2026. [Dkt. no. 1.] The respondents, identified

---

[1] On July 10, 2026, the Court issued an order granting Petitioner leave to proceed under pseudonym. [Dkt. no. 5.]

in the Petition as Todd Blanche, Acting Attorney General of the United States, Department of Justice; Markwayne Mullin, Secretary of Homeland Security; Todd Lyons, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; Patrick Divver, Field Office Director of the San Diego Immigration and Customs Enforcement Office; Jorge Velarde, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; and Christopher J. LaRose; Senior Warden, Otay Mesa Detention Center ("Respondents") filed a Response to Petition ("Response") on July 13, 2026. [Dkt. no. 6.] Petitioner filed his Traverse on July 15, 2026. [Dkt. no. 7.]

Petitioner, a Cameroonian national, entered the United States on May 21, 2025. See Petition at ¶ 18. Petitioner alleges that, at the time he filed his Petition, he was detained by Respondents and their agents at the Otay Mesa Detention Center in the County of San Diego. See id. at ¶¶ 7, 10. Petitioner alleges he is entitled to, *inter alia*, his immediate release, or, in the alternative, an individualized bond hearing with certain procedural safeguards. See id. at pg. 16.

Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)." [Response at 1 (citation omitted).] Respondents, however, "acknowledge[] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." [Id.] In light of those rulings and the amount of time that Petitioner has been detained, Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." [Id. at 1-2 (citations omitted).]

Petitioner's request for an individualized bond hearing is granted. Additionally, the Court makes the following orders regarding the bond hearing:
-the hearing must be before a fair, neutral, and open-minded immigration judge;

3:26-cv-03873-LEK-DDL

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[2]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to the Court for appropriate sanctions.

Petitioner has also requested that the Court award him attorney's fees and costs. See Petition at pg. 17. The Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. The Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner B.D.'s Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 and Order to Show Cause, filed July 6, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within seven days

---

[2] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025).

of the filing of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release and as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing the Court of the outcome of the bond hearing by **July 31, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 17, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**B.D. VS. TODD BLANCHE, ETC., ET AL.; 3:26-cv-03873 LEK-DDL; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241 AND ORDER TO SHOW CAUSE**

3:26-cv-03873-LEK-DDL